## No. 10,887.

### CANAL & CLAIBORNE RAILROAD COMPANY VS. ORLEANS RAILROAD COMPANY.

A street railway company which is authorized by the city of New Orleans to enter upon the tracks of another, must, before doing so, make compensation to that company.

The material in place is the private property of the company occupying the street and in the absence of any agreement it must be expropriated to public uses like any other private property.

Railroad Co. vs. Railroad Co.

When the city ordinances provide the mode of compensation, and the two corporations are within the limits of the same franchise, the ordinances will control the mode to be pursued in reference to fixing the compensation, as the corporations accept their franchises with reference to said ordinances.

But the city ordinances can not arbitrarily fix the amount of compensation.

There is no limitation in the ordinances of the city of New Orleans which prevents the street railway companies from contracting with reference to the amount due for the use of tracks.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*J. R. Beckwith* for Plaintiff and Appellee:

1. Under the Constitution of 1869, private property can not be taken or damaged for any public use until frll compensation is made. Constitution 1879, Article 156; Griffen vs. R. R. Co., 41 An. 808; Cooley Const. Lim., 680, 681 (note); Chicago vs 'Taylor, 125 U. S. 161, 170; Railroad Co. vs. Ayers, 106 Ill. 518.

2. When any individual or corporation is to be divested of property for any public use, against the will of the party to be divested, a strict compliance with the law providing for expropriation, and the conditions precedent to taking the property, must be strictly complied with, or title and rights are not divested, and the party claiming to have divested any one of property and right must affirmatively show full compliance. Cooley on Const. Lim., 528; Gillenwoter vs. R. R. Co., 113 Ill. 1; Stanford vs. Warn, 27 Cal. 171; Nicholls vs. Bridgeport, 23 Conn. 189; Judson vs. Bridgeport, 25 Conn. 428; People vs. Brighton, 20 Mich. 57.

3. The grant of street railway franchise under which the plaintiff, the Canal & Claiborne Railroad Company is now operating its road on Canal street, contains no condition or limitation of the grant, by which the city of New Orleans can grant other railway companies lawful right to run their cars on that company's track on Canal street, without the consent of the Canal & Claiborne Railway Company, first given and obtained.

*Chretien & Suthon* and *F. N. Butler* for Defendant and Appellant:

A contract by a street railroad company, granting the use of its tracks to another company, must conform to the terms of the grantor's franchise.

The right of the Canal & Claiborne Street Railroad Company to charge another company for the use of its Canal street track is regulated by Ordinance 1204, N. S.

A limitation upon exercise of a franchise of a corporation is as binding as a provision of its charter.

A corporation can not enter into a contract unless authorized by its charter, expressly or by implication. Angell and Ames on Corporations, Section 256. When no such authority is conferred, such a contract is *ultra vires* and null. 44 Mo. 550; 45 Mo. 217; 57 Mo. 571; 46 N. Y. 551.

A grant to a street railroad to lay its tracks on a street gives to it no right of property in the street. The use of the tracks thus built may be given to another railroad company by the city, under the power of eminent domain, delegated to the municipality. 36 Ohio 239; 118 Mass. 290; 41 An. 561.

When the municipality does exercise this right of eminent domain, and fixes the compensation to be paid the company owning the track, the said company can not enforce a contract giving it more than the price fixed by the city.

When the Canal & Claiborne Street Railroad accepted its new franchise in December, 1887, and failed to demand that the city exercise its right of reversion, it accepted the Canal street franchise subject to what the city had given to defendant, in July, 1887.

A corporation is presumed to contract with reference to the term of its existence. The existence of a contract of a private corporation can not force upon it a perpetuity of existence. 8 Peters 281; Mumma vs. Potomac Co.

The opinion of the court was delivered by

McENERY, J.    The plaintiff sues the defendant for $2800 on the following contract:

"Be it known, on the 6th day of August, in the year of our Lord one thousand eight hundred and seventy, and of the independence of the United States of America the ninety-fifth, before me, William Joseph Castell, a notary public in and for the parish of Orleans, State of Louisiana, duly commissioned and qualified, and in presence of the witnesses hereinafter named and undersigned, personally came and appeared Bertrand Saloy, Esq., herein acting in his quality of president of the Orleans Railroad Company, and under and by virtue of a resolution of the board of directors, adopted at their sitting on the 18th of July, 1870, a duly certified copy of which resolution is hereto annexed and made part hereof, of the first part, and Edward S. Wurzburger, Esq., herein acting in his quality of acting president of the Canal & Claiborne Street Railroad Company, and John G. Campbell, Esq., herein acting in his quality of secretary of said Canal & Claiborne Street Railroad Company, and under and by virtue of a resolution of the board of directors of said company, adopted at their sitting of the first day of August, 1870, a duly certified copy of which resolution is also hereto annexed and made part hereof, of the second part, of this city.

"Which appearers declared, that acting as aforesaid and in accordance with Ordinance No. 810, Article 878, approved December 24, 1867, and Ordinance No. 1443, approved May 11, 1869, all new series of the common council of the city of New Orleans.

"They do by these presents bind their respective companies or corporations, their administrators and assigns, as follows:

"1. That the said Orleans Railroad Company, party of the first part, shall pay to the Canal & Claiborne Street Railroad Company,

party of the second part, four (4) cents per mile for each and every mile traveled by each and every car belonging to or run by the said party of the first part on the track or trunk road, from Dryades street to St. Charles street, on the upper side of Canal street, and on the lower side of Canal street, from Royal to Dauphine street, the tracks on Canal street being left free and unobstructed.

" 2. The said Canal & Claiborne Street Railroad Company, party of the second part, shall keep its roads, such as they now exist, on the upper side of Canal street, from Dryades to St. Charles street, and on the lower side of Canal street, from Royal to Dauphine street, in good order and repair.

" 3. That the said Orleans Railroad Company, party of the first port, shall put in and keep in good order during the time or as long as they may use them, all necessary switches, inlets and outlets that may be requisite to connect their different roads with the trunk road on Canal street, and shall also put in good order and running gear such portions of the trunk road that may be necessarily disturbed to make the said connections, and said party of the first part shall furnish and pay for all switch tending and other labor that shall be necessary in running their cars on, over and off the trunk road on the upper and lower side of Canal street.

" 4. That the said Orleans Railroad Company, party of the first part, shall make monthly returns to the Canal & Claiborne Street Railroad Company, party of the second part, of the the number of cars and miles run over the trunk road on Canal street, from which returns settlements shall be made monthly, said returns to be certified by the president and secretary of said Orleans Railroad Company.

" 5. That the said Canal & Claiborne Street Railroad Company shall not be responsible for any accidents to persons or damages to property arising from the carelessness or negligence of the employees of said Orleans Street Railroad Company, while running their cars on the trunk road, on the upper and lower side of Canal street, as aforesaid, but said party of the second part shall be responsible for all accidents or damages which may be caused by the dilapidated or bad condition of said trunk road.

" 6. That nothing in this contract or agreement shall be construed as preventing or to prevent the said Canal & Claiborne Street Railroad Company from negotiating with other companies for running

their cars on said trunk road on Canal street, provided the same shall not interfere with the rights of said party of the first part, and the free passage of travel of their cars on the trunk road on the upper side of Canal street, from Dryades to St. Charles street, and on the lower side of Canal street, from Royal to Dauphine street, as aforesaid, under this agreement or contract.

" 7. That this agreement shall last during the term of the charters granted to the said respective corporations or of any extension of said charters."

The right of plaintiff to recover depends upon the validity of this contract.

The power to regulate and control the public streets of the city of New Orleans is lodged in the municipal authority. The object of the Legislature in conferring this power, and its exercise by the city government, are to serve the public welfare and convenience.

The establishment of street railroads is one of the most important modes of promoting the welfare and convenience of the citizens of New Orleans.

We have held that the council of the city of New Orleans is without power to grant the exclusive use of a street, which belongs to the public, to a railway company. Railroad Company vs. Railroad Company, 41 An. 461.

But the street railway company which is authorized to enter upon the tracks of another within the limits of the franchise of both companies must make compensation to that company for the use and wear of the tracks.

The street railway over whose tracks another company enters does not lose its right of private property in the material of which the road is constructed. The material in place is the private property of the corporation. When, therefore, a right of way for street railway purposes is granted over the same route to another company it can not be appropriated by the latter company until compensation is first made to the former company. Railroad Company vs. Railroad Company, 36 Ohio 252; Metropolitan R. R. vs. Highland Railway, 118 Mass. 291.

If there is no agreement between the corporations as to the amount of compensation, it must be fixed as in other cases of the condemnation of private property to public uses.

Both corporations were organized and operated with reference to Ordinance 1204, New Series.

Section 4 of said ordinance is as follows:

" Should the city of New Orleans, at any time during the exist- ence of the contract of the 6th of May, 1867, between it and the Canal & Claiborne Street Railroad Company, enter into an arrange- ment with other companies, whereby said road on Canal street, from Claiborne street to Front Levee street, and from Front Levee street to Claiborne street, or any part thereof, may be granted, the city of New Orleans or the road or roads to which the privilege may be granted, shall reimburse to the Canal & Claiborne Street Railroad Company a fair and reasonable proportion of the value of the portion or portions of the road to be so used; and should such proportion not be agreed upon between said Canal & Claiborne Street Railroad Company and the city of New Orleans, or the said road or roads, two disinterested persons shall be appointed, one by the city of New Orleans, or the road or roads, as the case may be, and the other by the Canal & Claiborne Street Railroad Company; and in the event of a disagreement as to said proportion to be paid between said persons thus appointed, a third person, or umpire, shall be appointed by the judge of one of the district courts of the parish of Orleans, and the decision thereby had shall be final and binding."

This section was repealed in 1882.

But in the absence of any agreement, it would be binding upon the two corporations, as they were incorporated with reference to its provisions.   Railroad Company vs. Railroad Company, 36 Ohio, 239.

There is nothing in said ordinance which prevented the Canal & Claiborne Street Railroad Company and the defendant from fixing, by contract, the compensation due the former corporation for the use of its tracks and roadbed.

There are no limitations in the ordinance as to the amount of compensation, and if there were, we would be inclined to consider them unconstitutional, as being in violation of the rights of private property.

The defendant contends that if the contract was legal and valid in its inception, it expired by limitation, the plaintiff's contract with the city for its franchise having expired in May, 1887.

After the expiration of its contract with the city for the franchise,

the Canal & Claiborne Street Railroad Company, in pursuance of the advertisement of the City of New Orleans, purchased the franchise, and there was a new contract made between the city and said corporation. The corporation still existed, and as such, through its president, made the contract with the city. The contract between the Canal & Claiborne Street Railroad Company and defendant was to continue during the existence of their charters, and it is a reasonable construction of the agreement that it was to last as long as the former or its assignee owned the material of the road, and the defendant occupied and used it.

After the purchase of the right of way, over a part of which defendant ran its cars, there was another corporation organized, the Canal & Claiborne Railway Company, the present plaintiff.

It was acquired for the purpose of purchasing the material and right of way of the Canal & Claiborne Street Railroad Company, and in pursuance of its act of incorporation did purchase all of said material, and the right of way and franchises of said corporation. This transaction defendant urges destroyed the contract made with the first corporation.

The obligation resulting from the contract between the two corporations is a real obligation, as it is a contract relative to immovable property. Civil Code 2011.

As we have stated, the contract was for the use of the road of the Canal & Claiborne Street Railroad Company. It is immaterial who owns the property; it owes the servitude during the existence of the defendant company, and this company, under the agreement, must pay the amount stipulated to the assigns of the first corporation.

It is so stipulated in the contract in the following words:

"They do by these presents bind their respective companies or corporations, their administrators and assigns."

There is a clerical error in the title of the suit, made by the clerk of the lower court, styling the plaintiff the Canal & Claiborne Street Railroad Company.

The judgment is amended so as to give the case its proper title, the Canal & Claiborne Railroad Company vs. Orleans Railroad Company.

The amendment not changing the substance of the judgment in any way, it will not carry the costs with it.

As thus amended the judgment is affirmed.